

HENRY C. KEVANE (CA BAR NO. 125757)
SAMUEL R. MAIZEL (CA BAR NO. 189301)
GAIL S. GREENWOOD (CA BAR NO. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: hkevane@pszjlaw.com

Signed: June 21, 2013

_____
ALAN JAROSLOVSKY U.S. Bankruptcy Judge

Attorneys for Mendocino Coast Health Care

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>MENDOCINO COAST HEALTH CARE DISTRICT, a political subdivision of the State of California,<br><br>Debtor. | Case No.: 12-12753<br><br>Chapter 9<br><br>**STIPULATION BETWEEN MENDOCINO COAST HEALTH CARE DISTRICT AND UNITED FOOD AND COMMERCIAL WORKERS 8 GOLDEN STATE FOR ASSUMPTION OF *MEMORANDUM OF UNDERSTANDING*, AS AMENDED, AND ORDER THEREON**<br><br>Date: July 9, 2013<br>Time: 1:30 p.m.<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA<br>Judge: Hon. Alan Jaroslovsky |

Mendocino Coast Health Care District, the debtor in the above-captioned Chapter 9 case ("Debtor"), and United Food and Commercial Workers 8 Golden State ("UFCW"), hereby enter into this stipulation ("Stipulation") for the assumption of that certain *Memorandum of Understanding* dated July 1, 2011 (as supplemented from time to time, the "MOU"). The Debtor and UFCW are referred to collectively as the "Parties." By this Stipulation, the Parties agree to the Debtor's assumption of the MOU as amended by that certain *Addendum to July 1, 2011-June 30, 2014 Memorandum of Understanding Between UFCW 8-Golden State and Mendocino Coast District Hospital* entered into as of June 19, 2013 ("Addendum"). There are no cure obligations due as part

of the contemplated assumption of the Agreement as amended by the Addendum.  A copy of the Addendum, executed by the Parties, is attached as **Exhibit A** to this Stipulation.

The Debtor believes that assumption of the MOU, as amended by the Addendum, is in the best interests of the district, its employees and its creditors and should be approved.  This Stipulation is made and entered into with reference to the following facts and circumstances:

## RECITALS

A. On October 17, 2012, the Debtor filed a petition under chapter 9 of the Bankruptcy Code ("Bankruptcy Code"), and an order for relief in the chapter 9 case was subsequently entered as of that date.

B. On July 1, 2011, the Debtor and UFCW entered into the MOU covering the period from July 1, 2011, through June 30, 2014, regarding the wages, benefits and work rules of represented UFCW members (including, but not limited, to nurses, paramedics, technicians, bookkeepers, and housekeeping staff).

C. On March 7, 2013, the Debtor filed its *Motion for Order Authorizing Rejection of Executory Contract (United Food and Commercial Workers Local 8)* [Docket. No. 81] ("Motion"), which was initially scheduled for hearing on April 26, 2013.

D. On March 18, 2013, UFCW filed its proof of claim in the Chapter 9 case for contingent amounts potentially due to represented employees of the Debtor ("UFCW Claim").

E. On April 9, 2013, UFCW filed its *Opposition to Motion for Order Authorizing Rejection of Executory Contract (United Food and Commercial Workers Local 8)* [Docket No. 109].

F. On May 16, 2013, the Court entered its *Stipulated Scheduling Order Between the Debtor and UFCW Regarding the Debtor's Motion for Order Authorizing Rejection of Executory Contract* [Docket No. 135] ("Scheduling Order").

G. Pursuant to the Scheduling Order an evidentiary hearing to consider the Motion was calendared for July 9, 2013, at 1:30 p.m.

H. On May 9, 2013, the Debtor provided UFCW a proposal for modifications to the MOU necessary to permit the reorganization of the Debtor.  On May 22, 2013, the Debtor provided UFCW with financial and other relevant information necessary to evaluate the proposal.  On May

30, 2013, the Debtor met with authorized representatives of UFCW to confer in good faith in attempting to reach mutually satisfactory modifications to the MOU.

I. On or about June 19, 2013, the Parties entered into the Addendum, which was negotiated at arm's length and in good faith between the Parties. The Addendum sets forth certain consensual modifications to the MOU that have been duly approved by the Debtor and ratified by the membership of the UFCW.

J. The Addendum provides for, among other terms and conditions:[1] (a) the elimination, effective as of May 9, 2013, of the bi-annual options to cash out accrued but unused paid time off, (b) the cancellation, effective as of July 1, 2013, of annual bonuses and step increases, (c) the cancellation, effective as of July 1, 2013, of 3% across-the-board wage increases, and (d) a 5% across-the-board wage reduction, effective July 1, 2013. All other terms and conditions of the MOU will remain in full force and effect.

K. The Parties wish to continue to perform their respective rights and obligations under the MOU, as amended by the Addendum, and the Debtor has determined, in the exercise of its reasonable judgment, that assumption of the MOU, as amended by the Addendum, is in the best interests of the district, its employees and its creditors. The Parties have agreed to the Debtor's assumption of the MOU, as amended, and resolution of the Motion under the terms and conditions set forth herein.

## STIPULATION

Based upon the foregoing and subject to approval of the Court, the Debtor and UFCW hereby stipulate as follows:

1. The MOU, as amended by the Addendum, shall be deemed assumed by the Debtor, pursuant to Section 365(a) of the Bankruptcy Code, effective as of the date of the Court's approval of this Stipulation. The Parties agree that no amounts are due to UFCW in cure of or compensation for loss resulting from defaults under the MOU pursuant to Sections 365(b)(1)(A) and (B) of the Bankruptcy Code. Upon assumption by the Debtor, the Parties acknowledge that the MOU, as

---

[1] This is only a summary of the terms of the Addendum. To the extent of any inconsistency between the Addendum and this Stipulation, the Addendum governs.

amended by the Addendum, shall be in full force and effect and enforceable according to its terms and conditions.

2. The Court finds that the requirements of Section 365 of the Bankruptcy Code for the assumption of the MOU, as amended by the Addendum, have been satisfied and that the Debtor has demonstrated that it is an exercise of its reasonable judgment to assume the Agreement, as amended by the Addendum, and that such assumption is in the best interests of the district, its employees and creditors.

3. Upon the Court's approval of this Stipulation, (a) the Motion is hereby deemed withdrawn, and (b) the UFCW Claim is hereby deemed withdrawn with prejudice, each without necessity of any further filings or approval of the Court.

4. The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority and capacity to act on behalf of such Party and to bind such Party to the terms of this Stipulation.

5. This Stipulation may be executed in counterparts and each such counterpart shall be deemed an original instrument, but all such counterparts together shall constitute one agreement, binding upon all Parties thereto as if all Parties signed the same document. All facsimile signatures shall be treated as originals for all purposes.

6. The Parties agree that the Court shall retain jurisdiction to interpret and enforce the provisions of this Stipulation in all respects, including, without limitation, to determine or resolve any disputes arising from or related to this Stipulation.

Dated: June 20, 2013        PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Henry C. Kevane
    Henry C. Kevane
    Attorneys for Mendocino Coast Health Care District

Dated: June 20, 2013        LAW OFFICES OF STEPHEN D. FINESTONE

By: /s/ Stephen D. Finestone
    Stephen D. Finestone
    Attorneys for United Food and Commercial Workers 8
    Golden State

# ORDER

Based on the foregoing stipulation of the Parties, IT IS SO ORDERED.

### * * * END OF ORDER * * *

# Exhibit A

# ADDENDUM TO JULY 1, 2011-JUNE 30, 2014 MEMORANDUM OF UNDERSTANDING BETWEEN UFCW 8-GOLDEN STATE AND MENDOCINO COAST DISTRICT HOSPITAL

THIS AGREEMENT is entered into by and between UNITED FOOD & COMMERCIAL WORKERS UNION 8-GOLDEN STATE, hereinafter referred to as the "Union," and MENDOCINO COAST DISTRICT HOSPITAL, hereinafter referred to as the "Employer."

The Union and the Employer agree to the following modifications to the current Memorandum of Understanding, effective from July 1, 2011 to June 30, 2014 (the "MOU"):

1. Effective immediately and for the remaining term of the MOU, the option of cashing-out accrued but unused paid time off pursuant to Article 6, sec. B(4) is eliminated. All other policies contained in the MOU with respect to paid time off remain unmodified.

2. Effective July 1, 2013 and for the remaining term of the MOU, Article 5, §§ A and B are modified in the following manner: Employees will neither be given nor receive annual step increases or bonuses.

3. The three percent wage increase set to occur on the first pay period after July 1, 2013, set forth in Wage Appendix A - Licensed Employees, § A-1 and Wage Appendix B - Non-Licensed Employees, § I, is cancelled. Employees will not receive this three percent wage increase.

4. Effective July 1, 2013, all employees will receive a five percent across-the-board wage reduction. (*Note: Management and non-bargaining unit employees also will be subject to the five percent across-the-board pay reduction.*)

**FOR THE EMPLOYER:**

**Mendocino Coast District Hospital**

Wayne Allen
Chief Executive Officer

June _19_, 2013

**FOR THE UNION:**

**United Food & Commercial Workers Union 8-Golden State**

Jacques Loveall
President

SIGNED BY JOE CIOTTI
June _19_, 2013