Entered on Docket
September 04, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: September 4, 2013

_____
ALAN JAROSLOVSKY U.S. Bankruptcy Judge

HENRY C. KEVANE (CA BAR NO. 125757)
SAMUEL R. MAIZEL (CA BAR NO. 189301)
GAIL S. GREENWOOD (CA BAR NO. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: hkevane@pszjlaw.com

Attorneys for Mendocino Coast Health Care

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>MENDOCINO COAST HEALTH CARE DISTRICT, a political subdivision of the State of California,<br><br>Debtor. | Case No.: 12-12753<br><br>Chapter 9<br><br>**STIPULATION BETWEEN MENDOCINO COAST HEALTH CARE DISTRICT AND JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC. FOR ALLOWANCE OF GENERAL UNSECURED CLAIM AND ORDER THEREON** |

Mendocino Coast Health Care District, the debtor in the above-captioned Chapter 9 case ("Debtor"), and Johnson & Johnson Health Care Systems Inc. ("J&J"), hereby enter into this stipulation ("Stipulation"), for the allowance of a general unsecured claim held by J&J under Section 502(a) of the Bankruptcy Code. For purposes of this Stipulation, J&J also includes the following affiliates of J&J: Advanced Sterilization Products, Inc., DePuy Orthopaedics, Inc., and Ortho-Clinical Diagnostics, Inc. The Debtor and J&J are referred to collectively as the "Parties." This Stipulation is made and entered into with reference to the following facts and circumstances:

## RECITALS

A.  On October 17, 2012, the Debtor filed a petition under chapter 9 of the Bankruptcy Code and an order for relief in the chapter 9 case was subsequently entered as of that date (the "Chapter 9 Case").

Case: 12-12753   Doc# 146   Filed: 09/04/13   Entered: 09/04/13 16:40:42   Page 1 of 3

STIPULATION BETWEEN MENDOCINO COAST HEALTH CARE DISTRICT AND JOHNSON & JOHNSON

B. J&J is a vendor to the Debtor of medical and pharmaceutical supplies.

C. On October 25, 2012, J&J made a demand on the Debtor for the reclamation of goods received by the Debtor from J&J within 45 days before the commencement of the Chapter 9 Case in the amount of $126,539.79 ("Reclamation Demand").

D. The Debtor disputes the ability of J&J to reclaim the goods identified in the Reclamation Demand due to, among other reasons, the prior rights of a holder of a security interest in the Debtor's assets and property.

E. On March 26, 2013, J&J filed its proof of claim in the Chapter 9 Case in the aggregate amount of $126,539.79 [Claim No. 81] ("J&J Claim"), $34,612.88 of which claim was asserted as an administrative expense pursuant to Section 503(b)(9) ("Administrative Claim").

F. The Debtor has paid the Administrative Claim.

G. The Parties have agreed that the balance of the J&J Claim should be allowed under the terms and conditions set forth herein.

## **STIPULATION**

Based upon the foregoing and subject to the approval of the Court, the Debtor and J&J hereby stipulate as follows:

1. The J&J Claim shall be allowed under Section 502(a) of the Bankruptcy Code in the amended and reduced amount of $91,926.91 without necessity of any further filings or approval of the Court.

2. The Reclamation Demand shall be deemed withdrawn.

3. The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority and capacity to act on behalf of such Party and to bind such Party to the terms of this Stipulation.

4. This Stipulation may be executed in counterparts and each such counterpart shall be deemed an original instrument, but all such counterparts together shall constitute one agreement, binding upon all Parties thereto as if all Parties signed the same document. All facsimile signatures shall be treated as originals for all purposes.

5. The Parties agree that the Court shall retain jurisdiction to interpret and enforce the provisions of this Stipulation in all respects, including, without limitation, to determine or resolve any disputes arising from or related to this Stipulation.

Dated: September 4, 2013     PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Henry C. Kevane*
Henry C. Kevane
Attorneys for Mendocino Coast Health Care District

Dated: September 4, 2013     PATTERSON BELKNAP WEBB & TYLER LLP

By: */s/ David W. Dykhouse*
David W. Dykhouse
Attorneys for Johnson & Johnson Health Care Systems Inc.

## **ORDER**

Based on the foregoing stipulation of the Parties, IT IS SO ORDERED.

### * * * END OF ORDER * * *

DOCS_SF:83460.1 62951/002